IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**EDWARD LEE BROWN**  PLAINTIFF

v.  No. 3:19-cv-320-DPM

**JERRY HENRY**  DEFENDANT

## ORDER

1. Brown has provided particulars about his claims against the sole remaining defendant, Jerry Henry. The Court must screen his allegations. 28 U.S.C. § 1915(e)(2). Henry was an officer with the Osceola Police Department. *Doc. 7*. Henry approached Brown in July 2007 outside a grocery store, explaining that another officer needed to talk with Brown about his son. Henry did not cuff Brown, *Mirandize* him, or arrest him. *Doc. 2-1 at 27; Doc. 5 at 3*. Henry drove Brown to the police station, where he was later charged with two counts of third-degree domestic battering of two children. *Doc. 2 at 27 & 63*.

2. Brown contends he was illegally seized. *Doc. 5 at 3*. Assuming an unconstitutional seizure occurred in 2007, Brown has waited too long to raise that claim in this 2019 case. Federal law borrows Arkansas's three-year statute of limitations, ARK. CODE ANN. § 16-56-105, for this kind of claim under 28 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Any individual capacity claim against Henry about the alleged 2007 seizure fails as time-barred; and any official capacity claim about it against Osceola through Henry does, too. 28 U.S.C. § 1915(e)(2)(B)(ii). Brown's claims against Henry will therefore be dismissed with prejudice. An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

13 May 2020